## ROBERTS AND WIFE v. WEATHERFORD.

1. A father, by will executed in 1838, bequeathed ten slaves to each of their children, and all those remaining to his wife; afterwards, in 1842, one of these children, a daughter, marries, and the father then, by deed, settles her slaves to her sole and separate use, for her life, with remainder to her children, living at the time of her death. The testator, at the time of his death, was possessed of forty-three slaves. *Held, under these circumstances,* the subsequent provision for the daughter, on her marriage, was an ademption of the legacy.

Appeal from the Orphans' Court of Franklin.

PETITION by Roberts and wife, praying that Weatherford, as the administrator *cum testamento annexo* of Charles Toney, deceased, might be decreed to set apart and pay over a specific legacy given by his last will. The administrator resisted the application on the ground the legacy was adeemed.

At the hearing, the facts were these, to wit: The testator made his will in March, 1838, and thereby gave his daughter, Ann Augustus, "ten negroes of an average value of those belonging to his estate, to be delivered to her when she became of age, or married." The willl contains similar bequests to his sons, Reuben and Charles. Also a bequest of one slave to a grand-daughter, and to his wife of all the negroes belonging to his estate not therein before disposed of. After the making of his will, Ann Augusta married Roberts, and the testator, by deed, which appears dated in March, 1839, but was executed in point of fact in 1842, conveyed her slaves to one Gregg, in trust, to permit the said Ann Augusta Roberts to enjoy the profits arising from the labor of said

slaves, to her own separate use and benefit, and at her death to convey the slaves and their increase to the children of her body, who should then be living, or to her legal representatives. This deed recites the desire of the grantor to provide for his daughter during her natural life, and for such children as she might leave—but there is no reference to the will.

Toney died testate as to all his estate, and forty-three slaves came to the possession of the administrator, unincumbered with debts.

The administrator produced the deposition of the trustee, testifying that Toney declared, when he executed the deed, the slaves therein named were given in satisfaction of a legacy provided for his daughter, in his will, and they were all she would get of his estate. His reason for making the deed was, that the slaves might be secured to his daughter, so they could not be taken for the debts of her husband, and that he intended to make another will, and not give her any thing. It was also shown, that the slaves were put in possession of Roberts and wife, who have since had the use, &c. The petitioners objected to the explanation of the intention of the testator, by the evidence above stated.

The court adjudged the legacy adeemed by the deed, and dismissed the petition.

This is now assigned as error.

C. E. B. STRODE, for the plaintiff in error, made the following points:

1. The civil law does not recognize the law of ademption. [Inst. of Jus. book 2 T. 20, c. 12.] And although the rule of the common law is different, yet the courts lean against it, and in favor of the civil law, unless the advance is equal to the legacy, or nearly so, in value; the advance and legacy be *ejusdem generis* and the estate and conditions the same. [2 Story, 371, 376; 1 Roper on Leg. 261.]

2. The provision for Mrs. Roberts, under the will, is the absolute estate, but under the deed is only a life estate, as the limitation to her children is good. [1 Hill, 39; 1 Stew. 536; 1 Bailey, 100.] And this difference between the estates is so

10

great, that the deed will not satisfy the will. [1 Bro. C. 555 ; 3 P. Wms. 245 ; 3 M. & K. 472 ; 1 Vesey, 256 ; 15 Ib. 513 ; 2 Atk. 215 : 4 Bro. C. 493 ; 5 Ves. 79 ; 1 Roper on Leg. 264.]

3. If the deed by itself does not raise the presumption of ademption, parol evidence of declarations by the testator, cannot be resorted to, unless first introduced by the legatee. [2 Lom. on Ex. 112 ; Jones v. Mason, 5 Rand. 589 ; Forecastle v. Barkes, 5 Ves. 84 ; Matth. on P. Ev. 147.] But if the declaration was admissible here, it is of an intention to make a new will, which not being done, the declaration is worthless. [Brant v. Wilson, 8 Cowan, 56.]

W. COOPER, contra, insisted—

1. That where a parent makes a will, giving a *portion* by way of legacy, and afterwards, by deed or otherwise, gives a like portion, it is considered as a *payment;* if of the same nature and amount, it is a *total* ademption, and if of less value, but of the same nature, it is an ademption *pro tanto.* [2 Story's Eq. § 1111 ; 1 Atk. 427 ; 2 Fonb. B. 4, part 2 c. 1 s. 1 n. a.; 1 P. Wms. 146 ; 18 Vesey, 140 ; Ib. 490 ; 3 Ib. 526 ; 4 Ib. 490 ; 11 Ib. 305 ; 1 Bro. C. 305 ; 6 Sim. 528 ; 8 Y. & C. 397 ; 8 M. & K. 479 ; 2 Y. & C. 403 ; 2 Bro. C. 300 ; 7 Vesey, 815 ; 2 Vern. 255 ; 2 Chan. Rep. 162 ; 2 Ventr. 347 ; 1 Vern. 347 ; 1 Swan. 211 ; 1 P. Wms. 681 ; 2 Vern. 298 , 2 Madd. 92 ; 19 Vesey, 407 ; 1 Roper on Leg. 124; 2 Ib. 95, 104 ; Amb. 325 ; 9 Ves. 577 ; 17 Ib. 184 ; Ward on Leg. 265 ; 3 Vesey. 506 ; 2 Atk. 215 ; overruled in 5 Vesey, 84 ; 3 Dess. 504 ; 3 Atk. 77 ; 2 Vesey, 463 ; 5 Rand. 577 ; 2 Lom. on Ex. 112 ; Greenl. Ev. § 296.]

2. Here the deed expresses the intention to *provide* for his daughter, but parol evidence was proper if necessary, to show the intention. [2 Bro. Ch. 307 ; 2 Story Eq. 1114 ; 15 Pick. 139 ; 2 Bro. Ch. 165, 519 ; 5 Ves. 84 ; 7 Ib. 508.]

3. It is evident, if the deed and the will are both to hold, the intention of the donor will be defeated, as he had but forty-three slaves, and left three children and a wife to provide for. The intention is clear that his daughter shall have only ten slaves, and these are given her by the deed. It makes no difference that in the one instance the slaves are given abso-

lutely, and in the other in trust; the true question is, wheth-
er the object is the same, to wit, the advancement of the
child; any advancement subsequent to the will is an ademp-
tion. Moore v. Hillon, 12 Leigh. 1.

GOLDTHWAITE, J.—It can scarcely be necessary at
this day to review all the cases to be found in the books, on
the subject of ademption, for however cases may vary, in
particular circumstances, there is no question of the exis-
tence of the rule, that when a parent bequeath's a legacy to a
child, and afterwards, in his lifetime, gives a portion, or makes
a provision for the same child, it will be presumed to be in
lieu of the legacy, although it be not so expressed, whenever
it is equal to, or exceed the amount of the legacy, is certain,
and not contingent, and is of the same nature. [2 Story Eq.
§ 1111.] In Wharton v. the Earl of Durham, 3 M. & R.
478, it is said, the giving of a marriage portion to a child,
will adeem a legacy previously given by will, unless from the
circumstances of the case, an intention appears that the child
shall have both; and there is to be no leaning, still less any
straining against inferring such an intention from circum-
stances, any more in this than in any other case. We are
clear, after looking at many of the cited cases, that this is the
true rule, and perhaps the only one which will embrace all
the decisions. When we look at this case, wholly indepen-
dent of the declarations of the testator, when the deed was
executed by which the slaves were given, subsequently to
the will, we find a father, in 1838, providing for the disposi-
tion of all his estate, between his wife and three named chil-
dren. To each of the children he gives the same number of
slaves, and to his wife all that might remain. One of these
children is a daughter then unmarried. Subsequently she
marries, and her father, some seven years after the date of
his will, gives her precisely the same number of slaves, but
settles them to her separate use, and provides she shall only
have the life estate, with remainder to such children as shall
be living at the time of her death, at the same time reciting
his desire to provide for this daughter and her children. At
the time of his death, all his slaves number but forty-three—
at least such is the inference we draw from the facts stated,

and if it was otherwise, it remained with the petitioners to set forth the number. It is then evident from the circumstances, that the legacy was satisfied by the subsequent provision, or we must infer, the testator, by making this provision, intended to place his estate in such a condition as would leave his wife with only two slaves.

We are clear the deed, on its face, must be considered as adeeming the legacy, and therefore, without considering the question as to the effect of the parol evidence, the decree is affirmed.